## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## REVERE METAL ART CO., Inc., Respondent.

No. 200, Docket 26465.

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1961.

Decided Feb. 27, 1961.

Melvin Pollack, National Labor Relations Board, Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel and Abraham A. Dash, Washington, D. C., on the brief), for petitioner.

Leonard S. Kimmell, Mineola, N. Y. (Kimmell & Kimmell, Mineola, N. Y., on the brief), for respondent.

Before LUMBARD, Chief Judge, MADDEN, Judge, United States Court of Claims,* and WATERMAN, Circuit Judge.

PER CURIAM.

In an order issued on June 6, 1960, 127 N.L.R.B. No. 127, the National Labor Relations Board directed the respondent to cease and desist from discharging employees or discriminating against them because of their union activity, and from interrogating or threatening employees with regard to union membership. The order also directed that the respondent take certain affirmative steps, including an offer to rehire one Roberto Alvarez who, the Board held, had been discharged in violation of § 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (3, 1).

On this petition for enforcement, the respondent concedes that there is substantial evidence in the record considered as a whole to support the finding that its interrogation, promises, and threats amounted to interference, restraint, or coercion within the meaning of § 8(a) (1) of the National Labor Relations Act. The respondent contends, however, that it should not have been ordered to reinstate Alvarez.

* Sitting by designation.

The respondent first maintains that Alvarez was discharged not for union activity but because he distributed union literature during working hours in violation of a no-solicitation agreement. At the hearing, testimony was introduced to show that Alvarez had given copies of the union newspaper to several employees during working hours. Alvarez denied that he had ever distributed the newspaper on company time. The Trial Examiner did not resolve this conflict of testimony but held that statements made after the discharge by the respondent's president and its secretary-treasurer indicated that the true motive underlying the firing was not the violation of the agreement but Alvarez's activities on behalf of the union, which was then engaged in an organizational drive. The ultimate issue for the Trial Examiner was the real motive of the employer, Radio Officers' Union of Commercial Telegraphers Union, A.F.L. v. N. L. R. B., 1954, 347 U.S. 17, 42–44, 74 S.Ct. 323, 98 L.Ed. 455, and this could be proved by circumstantial evidence, N. L. R. B. v. Link-Belt Co., 1941, 311 U.S. 584, 602, 61 S.Ct. 358, 85 L.Ed. 368. The Trial Examiner could believe the uncontradicted testimony of those who said they had heard employer representatives refuse to reinstate Alvarez because he was engaged in union activities, and infer from these statements that the motive for the discharge constituted a violation of the rights protected by § 8(a) (3) and (1) of the statute. Such a determination rests on an amalgam of belief and inference which is within the province of the Trial Examiner and the Board. See N. L. R. B. v. C. Malone Trucking, Inc., 1 Cir., 1960, 278 F.2d 92; N. L. R. B. v. Dinion Coil Co., 2 Cir., 1952, 201 F.2d 484.

The respondent's second contention, that Alvarez should be denied reinstatement because of his participation in an assault by several strikers on a plant foreman, turns entirely on the credibility of witnesses who were examined and cross-examined at the hearing. The foreman named Alvarez as one of those who assaulted him, but Alvarez denied being involved. The Trial Examiner rejected the testimony of the foreman and found that Alvarez did not participate in the assault and was, therefore, not disqualified from reinstatement. The testimony of Alvarez was not incredible, and we cannot say that there was no substantial evidence to support the Board's order. N. L. R. B. v. Steel, Metals, Alloys and Hardware Fabricators and Warehousemen, Local 810, 2 Cir., 1960, 274 F.2d 688, 689; N. L. R. B. v. R. K. Baking Corp., 2 Cir., 1959, 273 F.2d 407.

Enforcement is granted.